SMITH, Circuit Judge,
dissenting.
I believe that the district court properly refused to compel arbitration in C.D. Partner’s case against Jerry Grizzle, Doyle Motley, and Gary Johnson, and, therefore, respectfully dissent. First, I note that this circuit has yet to decide whether, or under what circumstances, non-signatories to a contractual agreement can enforce an arbitration clause. The majority does not rely on any controlling Eighth Circuit precedent, and cites no other factually similar case. The Eleventh Circuit precedent relied on by the majority invokes the doctrine of equitable estoppel, a theory not argued here; and in MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 948 n. 4 (11th Cir.1999), the court noted that the arbitration clause at issue specifically included claims arising out of the tort of fraud. The arbitration clause at issue in this case does not have such language and is specifically limited to claims arising under the Agreement. Indeed, the majority notes that the relationship necessary to apply the Eleventh Circuit precedent is “a close one.”
I agree that there is a strong national policy in favor of arbitration. However P & P Indus., Inc. v. Sutter Corp., 179 F.3d 861 (10th Cir.1999), relied on by the majority, involved the confirmation of an arbitration award, and, therefore, is inapposite. See Lee v. Chica, 983 F.2d 883 (8th Cir.1993) (explaining that being compelled to arbitrate differs from confirming an arbitration award). Likewise, the majority’s reliance on Gregory v. Electro-Mechanical Corp., 83 F.3d 382, 383 (11th Cir.1996), which merely interpreted the phrase “arising hereunder,” is misplaced as it did not involve a non-signatory. See also Kroll v. Doctor’s Assocs., Inc., 3 F.3d 1167 (7th Cir.1993) (situation did not involve a non-signatory).
I find the factually similar case of McCarthy v. Azure, 22 F.3d 351 (1st Cir.1994), to rest on a stronger foundation with better reasoning. In McCarthy, the First Circuit held that a corporate officer, who signed an agreement containing an arbitration clause in his official capacity, could not compel arbitration of claims lodged against him as an individual. McCarthy, Id. at 363. McCarthy rightfully encourages skillful drafting of agreements as the proper means for including officers in the ambit of an arbitration clause. “A corporation that wishes to bring its agents and employees into the arbitral tent can do so by writing contracts... that will specify the desired result.” Id. at 360. McCarthy is on point and well reasoned.
I respectfully dissent.